**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN TYME JOHNSON, | : | No. 3:26-CV-0226 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| WARDEN OF FCI LEWISBURG, | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Justin Tyme Johnson initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Johnson is currently incarcerated at FCI Lewisburg, located in the Middle District of Pennsylvania. He asks the court to order the Federal Bureau of Prisons (BOP) to transfer him to a prison closer to his home in St. Paul, Minnesota. The court must dismiss Johnson's Section 2241 petition because he has failed to exhaust administrative remedies and because there is no habeas jurisdiction for his claim.

## I.    BACKGROUND

Johnson is serving a 50-month sentence imposed in September 2025 by the United States District Court for the District of Minnesota. See United States v. Johnson, No. 0:23-cr-00320-2, Doc. 290 (D. Minn. Nov. 10, 2025). His current projected release date, according to the BOP's inmate locator, is April 30, 2029.

See Fed. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (searching BOP Register Number "83645-510") (last visited Apr. 7, 2026).

Johnson lodged the instant Section 2241 petition in February 2026. (See generally Doc. 1). In his petition, he asserts that the BOP has determined that he should serve his sentence at FCI Lewisburg, in Lewisburg, Pennsylvania, even though his home and family are located over 1,000 miles away in St. Paul, Minnesota. (See Doc. 1-1 at 4). He contends that there are multiple federal facilities that are closer to St. Paul than FCI Lewisburg and which fall within the 500-mile radius referenced in 18 U.S.C. § 3621(b). (See id. at 4-5). He asks the court to direct the BOP to "reassign" him to a federal prison that is within the 500-mile radius of his home and family. (See id. at 9).

## II.   DISCUSSION

Johnson's Section 2241 petition is unreviewable for two reasons. First, he did not exhaust administrative remedies. Second, his claim is not cognizable in a Section 2241 petition because it does not impact the "execution" of his sentence. The court will therefore dismiss his Section 2241 petition without requiring a response from the government. See 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also 28 U.S.C. § 2254 Rule 1(b)

2

(permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

## A.    Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  See Moscato, 98 F.3d at 761.  Only in rare

3

circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Johnson concedes that he has not exhausted available administrative remedies. (See Doc. 1-1 at 3). He asserts that exhaustion would be "futile," (see id. at 3-4), and contends that the remedy process is "non-responsive and inadequate" to address his place-of-imprisonment claim, (id. at 4). Such a general and conclusory argument, however, does not establish a "clear and positive showing of futility" to circumvent exhaustion. Prisoner placement decisions are well within the purview and discretion of the BOP, which is best situated to address these issues in the first instance. Johnson should have and indeed was required to press his place-of-imprisonment claim through all levels

4

of administrative review.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation omitted)).

Johnson has failed to pursue, let alone exhaust, administrative remedies, and his failure to do so precludes this court from ruling on the merits of his Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996); Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)).

## B.    Johnson's Claim is not Cognizable

Even if Johnson had properly exhausted his place-of-imprisonment challenge, that challenge is not reviewable under 28 U.S.C. § 2241.  Thus, had Johnson administratively exhausted his claim, this court would still have to dismiss his petition for lack of jurisdiction.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical

5

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment"). However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, 562 U.S. 521, 534 (2011) (alterations in original) (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005)).

Johnson's request to be transferred to a closer prison without a substantial change in the level of custody is not cognizable under Section 2241. Although the court is sympathetic to Johnson's desire to be incarcerated closer to his family so that visitation is easier, this court is simply without jurisdiction to consider his habeas claim. See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882, 883-84 (3d Cir. 2007) (nonprecedential) (finding no jurisdiction for Section

2241 petition seeking "garden variety" transfer to a prison closer to petitioner's home); Zapata v. United States, 264 F. App'x 242, 243-44 (3d Cir. 2008) (nonprecedential) (same).

In sum, because Johnson failed to exhaust administrative remedies, the court must dismiss his Section 2241 petition. See Moscato, 98 F.3d at 762; Ryan, 415 F. App'x at 347. And even if Johnson had properly exhausted his place-of-imprisonment claim, that claim is not cognizable in a Section 2241 petition.

## III.    CONCLUSION

Based on the foregoing, the court will dismiss Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: _4-7-26_

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

7